UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION ) | |
| No. 142 PENSION FUND, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **2:25-cv-00132-PPS-AZ** |
| AMERICAN PAVING SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Defendant, APS Transport, Inc., filed a motion to set aside the Clerk's entry of default. [DE 12.]  APS Transport claims default was inadvertent because there was a misunderstanding about retention of counsel.  After it was notified about the Clerk's entry of default, APS Transport immediately filed a motion to set aside the default.  It appears that APS Transport did not willfully or carelessly ignore the complaint, it acted promptly after the Clerk entered default, and APS Transport has participated diligently in the litigation since then.  Therefore, the motion to set aside the clerk's entry of default [DE 12] is **GRANTED**.

## BACKGROUND

Plaintiffs, Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Local No. 142 Annuity Fund, filed their complaint against Defendants America Paving Services, Inc., and APS Transport, Inc., on March 21, 2025. [DE 1.] This action arises under the Employee Retirement Income Security Act of 1974 (ERISA) and

involves claims of failure to pay contributions for work performed under a Collective Bargaining Act. [DE 1.] Summons was executed on APS Transport on March 26, 2025. [DE 5.]

No answer was filed by APS Transport. On April 25, 2025, Plaintiffs filed a motion for Clerk's entry of default. [DE 9.] The Clerk entered default against APS Transport on April 28, 2025. [DE 10.] Defendant APS Transport filed the instant motion to set aside judgment the next day, on April 29, 2025. [DE 12.]

## DISCUSSION

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c) which provides that "[f]or good cause shown the court may set aside an entry of default . . . ." "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, while the application of the test for relief under Rule 60(b) is "much more limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (citation omitted); *see also* see also *Davis v. Hutchins*, 321 F.3d 641, 646 n.2 (7th Cir.2003); *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994). In the Seventh Circuit, "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (internal

2

quotation marks and citations omitted). Disposition on the merits is preferable to default. *Id.* at 631.

In its motion, APS Transport argues, "[o]n April 25, 2025, present counsel entered an appearance on behalf of American Paving Services, Inc. and filed an Answer to the Complaint." [DE 12 at 1.] Then, "[a]lthough present counsel previously appeared on behalf of American Paving, APS Transport had not yet retained counsel at that time. The delay in APS Transport's retention of present counsel was due to a misunderstanding between APS Transport and present counsel regarding the scope of representation." *Id.*

I find there is good cause to set aside the entry of default because the record does not reflect a willful disregard of the lawsuit. *Cracco*, 559 F.3d at 631. There was clearly a misunderstanding within APS Transport about retention of counsel. While I don't condone such inadvertence, it does not seem intentional or willful, and mistakes do happen occasionally. Additionally, "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citation omitted).

Furthermore, allowing this case to proceed on the merits does not unfairly prejudice any party. There has been only a slight delay at the beginning of this case and it involves questions of fact that should be answered at trial, not avoided through the default process. Accordingly, I find that there is good cause to set aside the clerk's entry of default.

3

## CONCLUSION

I find that there is good cause to set aside the Clerk's entry of default. Therefore I **GRANT** the Motion to Set Aside Judgment against Defendant APS Transport, Inc. [DE 12]. The default entered on April 28, 2025 against APS Transport [DE 10] is **HEREBY SET ASIDE** pursuant to Federal Rule of Civil Procedure 55(c).

Defendant APS Transport's Motion for Leave to File Answer Instanter [DE 13] is GRANTED and the Answer at DE 13-1 is **DEEMED FILED**.

SO ORDERED.

ENTERED: May 13, 2025.                    /s/ Philip P. Simon
                                                          PHILIP P. SIMON, JUDGE
                                                          UNITED STATES DISTRICT COURT